### C. D. McRae v. The State.

No. 2690. Decided June 24, 1904.

**1.—Lottery—Knife Rack.**

An ordinary · knife rack, which consisted of a sloping board with knives stuck in the board and arranged so that rings could be thrown and lodged upon the knives, and when the player was fortunate enough to throw one of these rings around a knife, or catch it on a knife, the knife became his property, is not a lottery.

**2.—Same—Running Knife Rack No Offense.**

When the State has imposed a tax and required a license for the running of knife racks, the same is eliminated from the category of offenses.

**3.—Same—Not Covered by Gaming Law.**

The running of a knife rack does not come within the act of the Twenty-seventh Legislature, page 267.

Appeal from the County Court of Comanche. Tried below before Hon. W. E. Jackson.

Appeal from a conviction of establishing a lottery; penalty, a fine of $100.

The opinion states the case.

*Oscar Callaway,* for appellant.—This is certainly not "a scheme for distribution of prizes by lot or chance," since the skill, prowess and accuracy of the party pitching the ring at the knives determines his success; as a party shooting in a contest at clay pigeons, or at turkey's head sticking from a box, or roping a steer in roping contests. Art. 5049, Rev. Stats.; Art. 373, Penal Code.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The information charges appellantlant with establishing a lottery and disposing of personal property by means thereof, "under the name and upon the pretense of running and operating a knife rack." The evidence discloses that it was an ordinary knife rack, which consisted of a sloping board with knives stuck in the board and arranged so that rings could be thrown and lodged upon the knives; and when the player was fortunate enough to throw one of these rings around a knife or catch it on a knife, the knife became his property. These knives were in the main of a cheap

sort, and the rings were sold at a nominal sum—72 for $1; three rings for 5 cents; seven rings for 10 cents; and eighteen rings for 25 cents. This offense does not come within the definition.of lotteries defined by our statute, nor of any other definition of lottery of which we are aware. A lottery is commonly understood as a "scheme for the distribution of prizes by lot or chance, especially a gaming scheme in which one or more tickets bearing particular numbers draw prizes, and the rest of the tickets are blank." There were no tickets distributed under the scheme as shown by the testimony, but rings were sold and the thrower of the rings took chances as to whether he could inclose one of the knives by one of the rings so thrown; and the success of the pitcher depended upon his practice, experience or skill. We do not believe it was a lottery.

However, the facts stated do not show a violation of the law. By. the act of the First Called Session of the Twenty-seventh Legislature, page 51, a tax was levied upon this character of knife rack, in the following language: "Sub. 16. From every person or firm keeping a knife, cane or doll rack, or any other device upon which rings are pitched or at which balls are thrown, an annual tax of $25." The State, therefore, has imposed a tax and required a license for the running of knife racks such as the one in question; and this eliminates such from the category of offenses. The Legislature can not authorize the doing of a thing and require a tax or license for doing it, and at the same time punish the act or thing so taxed. This case does not come within the act of the Twenty-seventh Legislature, page 267. The judgment is reversed and the prosecution ordered dismissed.

*Dismissed*: